UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO C. GANS, | No. C 08-4676 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| R. G. WONG, warden, | |
| Respondent. | |

## INTRODUCTION

Antonio C. Gans, an inmate at the California State Prison - Solano, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Gans' petition provides the following information: Gans was convicted in Contra Costa County Superior Court of second degree murder with use of a deadly weapon and residential burglary. He was sentenced on June 9, 2003 to 17.4 years to life in prison. He appealed. He states that he was resentenced in 2006, and that his petition for review in the California Supreme Court was denied on an unstated date. He also apparently field a habeas petition in the California Supreme Court that was denied in 2008.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts two claims. First, Gans contends that the jury instructions had a mandatory presumption and lessened the prosecution's burden of proof, in violation of his federal constitutional rights. Although he does not specifically state that this is a due process claim, his citation to Sandstrom v. Montana, 442 U.S. 510 (1979), indicates that it is a claim under the Due Process Clause. See Petition, p. 7. Second, Gans claims that his right to due process was violated because there was insufficient evidence to support the second degree murder conviction. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 22, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the

1  answer a copy of all portions of the court proceedings that have been previously transcribed and
2  that are relevant to a determination of the issues presented by the petition.
3      4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse
4  with the court and serving it on respondent on or before **June 26, 2009**.
5      IT IS SO ORDERED.
6  DATED: March 16, 2009

_____
SUSAN ILLSTON
United States District Judge